# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GEADAU,<br><br>                    Plaintiff,<br><br>v.<br><br>NATHAN B. EVANS, et al.,<br><br>                    Defendants. | Case No. 25-cv-0335-MMA-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 5] |

Defendants Nathan B. Evans, Michael Hindi, and Big Fish Studios, LLC (collectively, "Defendants") filed a motion to dismiss Plaintiff Raul Geadau's ("Plaintiff") complaint on March 13, 2025. Doc. No. 5. Plaintiff filed a response in opposition, to which Defendants replied. Doc. Nos. 6, 8. On April 15, 2025, the Court found this matter suitable for determination on the papers and without oral argument and took the matter under submission pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. Doc. No. 9. For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss.

## I. Background[1]

Plaintiff is an experienced Fortnite map creator.[2] Doc. No. 1 ("Compl.") ¶ 1. Within the Fortnite game "ecosystem," "[i]ndependent developers can create custom MAPs,[3] games, and experiences . . . [and] design unique gameplay mechanics . . . . These developers can publish their creations within Fortnite's ecosystem and earn monetary compensation . . . based on player engagement . . . ." Id. ¶ 13. "Creators retain rights to any original assets they import, such as custom 3D models or sounds, but they cannot export or independently sell their Fortnite MAPs outside of [the] platform." Id. The developers "do not own the underlying game code or platform infrastructure . . ." and agree to "a broad license to use, modify, and monetize their work." Id.

> Plaintiff . . . and Defendants . . . Evans and . . . Hindi were friends for many years. On February 4, 2024, the parties negotiated an agreement wherein [Plaintiff] would contribute his technical skills . . . to create unique game environments, design interactive elements, and develop assets for the partnership's projects [(MAPs)] . . . . In exchange, [D]efendants agreed to provide [Plaintiff] with 10% equity in the partnership and a monthly payment of $3,000 with a pay raise.

Id. ¶ 14. "The parties memorialized their agreement through written text message communications." Id. "That same day, [D]efendant . . . Evans unilaterally filed with the Secretary of State an Article of Organization for Big Fish Studio LLC to effectuate the agreement." Id. "Without consulting with an attorney, [Defendants] Evans and Hindi drafted an agreement . . . that purported to reflect the terms of their arrangement." Id.

---

[1] Reviewing Defendant's motion to dismiss, the Court accepts as true all facts alleged in the complaint and construes them in the light most favorable to Plaintiff. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).
[2] Fortnite is a popular electronic game. Compl. ¶ 13.
[3] Plaintiff describes MAPs as projects including "unique game environments . . , interactive elements, and . . . assets . . . ." Compl. ¶ 14.

¶ 15; Doc. No. 1 at 21–22 ("Ex. 1").  Plaintiff, however, alleges that the document is "ambiguous and conflicting" as to several terms and conditions.  Compl. ¶ 15.

> On May 8, 2024, [D]efendant . . . Hindi informed Plaintiff . . . that the company needed to preserve funds and, as a result, could not fulfill its prior promise to provide [Plaintiff] with a pay raise.  Instead, [Defendant] Hindi offered an alternative arrangement in which [Plaintiff] would receive 15% equity in the company, a continued monthly payment of $3,000, and a monthly bonus structure tied to the company's revenue performance.

*Id.* ¶ 16.  "The parties mutually agreed to these revised terms through written text message communications." *Id.*  "Without consulting with an attorney, [D]efendants . . . Evans and . . . Hindi unilaterally drafted an amended agreement . . . which purported to reflect the modified terms of their arrangement." *Id.* ¶ 17; Doc. No. 1 at 24–25 ("Ex. 2").  Plaintiff found this iteration "ambiguous and conflicting" as to several terms and conditions, like the first.  Compl. ¶ 17.

In total, Plaintiff developed approximately 14 different Fortnite MAPs, of which he was the "sole creator and designer." *Id.* ¶¶ 18, 27.  This includes the now-popular "Pillars" MAP.  *Id.* at ¶¶ 21, 27.  The MAPs "generated less than $50,000 per month in revenue for the partnership up to October 2024.  However, in November 2024, the[ir] revenue . . . surged to $168,735, and in December 2024, [they] generated . . . $680,571 for the partnership." *Id.* ¶ 19.

At some point prior to the action's filing, "[D]efendants . . . Evans and . . . Hindi unilaterally terminated their relationship with [Plaintiff] . . . claiming that he had no ownership interest in the company." *Id.* ¶ 20.  Despite this, "Defendants . . . Evans . . , Hindi, and Big Fish Studio LLC . . . continued to use, publish, and profit from the MAPs without Plaintiff's consent . . . ." *Id.* ¶ 29.  Defendants now deny Plaintiff a revenue share or a 15% equity interest in Big Fish Studios LLC, terms to which they allegedly agreed.  *See id.* ¶ 45–47.  Additionally, for the duration of Plaintiff's time working with Defendants, Defendants paid him in cryptocurrency, rather than U.S. dollars.  *Id.* ¶ 73.

Plaintiff filed this action on February 14, 2025, bringing claims for: (1) violation of intellectual property rights; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) declaratory relief; (5) accounting and constructive trust; (6) violation of federal and Arizona minimum wage and unpaid wage laws; and (7) breach of fiduciary duty.  Compl. ¶¶ 26–83.

## II. L<span>EGAL</span> S<span>TANDARD</span>

A Rule 12(b)(6)[4] motion to dismiss tests a complaint's sufficiency.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations, brackets, and citations omitted).  Rule 12(b)(6) requires that the complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Upon review, the Court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations.  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).  In determining the propriety of dismissal, generally, a court generally may not look beyond the complaint for additional facts.  *Id.*; *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998).

---

[4] All "Rule" references are to the Federal Rules of Civil Procedure, unless stated otherwise.

When granting dismissal, the Court must also decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be futile. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### III. DISCUSSION

Defendants seek dismissal on the grounds that: (1) Plaintiff engages in "shotgun pleading" by "lump[ing] multiple allegations concerning multiple defendants and multiple violations into one claim or cause of action[,]" making it "impossible for [Defendants] to discern what claims are . . . asserted against [whom]"; (2) Plaintiff's second and third causes of action (collectively, "the Contract Claims") are barred by the Statute of Frauds; (3) Plaintiff's fourth cause of action is properly a remedy, rather than a cause of action; (4) Plaintiff's fifth cause of action is also properly a remedy, rather than a cause of action; (5) Plaintiff's requests punitive damages are improper; and (6) Plaintiff "requests injunctive relief but has not made any allegations sufficient to establish irreparable harm and lack of an adequate remedy at law." Doc. No. 5-1 at 2–3.[5] Plaintiff disagrees. Doc. No. 6.

As a preliminary matter, the parties cite to California law in their Contract Claims arguments. *See, e.g.*, Doc. No. 5-1 at 4–5; Doc. No. 6-1 at 2–3. Plaintiff also cites California law to defend his remaining claims, to which Defendants articulate no disagreement in their reply. Doc. No. 6-1 at 6–8; *see generally* Doc. No. 8-1. In his complaint, however, Plaintiff refers to Arizona law in the Contract Claim allegations.

---

[5] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

*See, e.g.*, Compl. ¶ 48. Because the parties argue as such, the Court will presume for the purposes of this motion that California law applies to the challenged state-law claims.

### A. Shotgun Pleading

First, the Court addresses Defendants' argument that Plaintiff's complaint is a "shotgun pleading"—one that violates Federal Rules of Civil Procedure 8 and 10. Doc. No. 5-1 at 7–9. Defendants assert that Plaintiff violates Rules 8 and 10 because he "lumps multiple allegations concerning multiple defendants and multiple violations into one claim or cause of action[,]" making it "impossible for [D]efendants to discern what claims are . . . asserted against [whom]." *Id.* at 8.

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "The term 'shotgun pleading' refers to pleading practices that violate Rule 8(a)(2)'s 'short and plain statement' requirement" and thus do not give a defendant proper notice of the nature of the claims asserted against it. *Nitschke v. Cnty. of San Diego*, No. 23CV1206-LL-VET, 2024 WL 3094635 *4 (S.D. Cal. June 21, 2024) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)); *George v. Grossmont Cuyamaca Cmty. Coll. Dist. Bd. of Governors*, No. 22-CV-0424-BAS-DDL, 2022 WL 17330467 *15 (S.D. Cal. Nov. 29, 2022) (citing *Weiland*, 792 F.3d at 1321–23). Courts have identified four basic categories of improper shotgun pleadings:

> The most common type . . . is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next . . . is a complaint that . . . is . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type . . . is one that . . . [does] not separate[e] into a different count each cause of action or claim for relief. Fourth . . . [are complaints that] assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland*, 792 F.3d at 1321–24.

Turning to the complaint, Plaintiff clearly separates each claim—each legal basis for which he seeks relief—into a different cause of action, each containing its own restatement of facts. Compl. ¶¶ 26–83. This separation clarifies the specific facts underpinning each cause of action. *See Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840–41 (9th Cir. 2000) ("Courts have required separate counts where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation."); *see* Fed. R. Civ. P. 10(b).

Plaintiff also specifically names each relevant defendant in the title of each cause of action. Compl. at 7–16. Finally, he alleges the specific actions Defendants took that violate the law. *See, e.g.*, Compl. ¶¶ 14–17, 20, 22–23, 29, 35–36, 38, 47, 55, 59, 61–62, 71–73, 75, 81–82. Where Plaintiff refers to them collectively as "Defendants," given the context of the claims—and because Plaintiff, at times, separates out the individual Defendants' acts when not done together—the Court can reasonably infer that Plaintiff alleges each Defendant participated in the act or that the Defendants acted collectively. *See, e.g.*, ¶¶ 35, 39–41. To the extent that Defendants' argue Plaintiff "appear[s] to . . . generally allege[] [claims] against all defendants but also refer[s] to specific defendants concerning specific claims," Doc. No. 5-1 at 8, Plaintiff's allegation that "Defendants . . . Evans and . . . Hindi are the alter egos of Defendant Big Fish Studio LLC, and there exists such a unity of interest and ownership that the separate personalities of the individual Defendants and the LLC no longer exist[,]" provides sufficient clarity as to their interconnection. Compl. ¶ 22. Though "[g]roup pleading is generally violative of Rule 8(a)(2) because it [prevents] each [d]efendant from discerning what it, specifically, did wrong[,]" *George*, 2022 WL 17330467 at *16, this action contains only three defendants, who Plaintiff alleges acted together, and the complaint includes specific details as to the acts of each, except where Plaintiff alleges they acted together.

1         Therefore, the Court finds the pleadings sufficiently put the respective Defendants
2  on notice as to the claims against them.  Insofar as Defendants take special issue with
3  Plaintiff's second cause of action, Doc. No. 5-1 at 2, considering the above discussion the
4  Court detects no specific offense differentiating it from the other claims.  Thus, the Court
5  determines the complaint is not a "shotgun pleading" and **DENIES** Defendants' motion
6  on that basis.

7  **B.    Contract Claims (Claims 2 & 3)**

8         Defendants argue that Plaintiff's second and third causes of action must fail
9  because the agreement Plaintiff alleges is subject to the Statute of Frauds and Plaintiff
10 does not sufficiently plead compliance with its requirements.  Doc. No. 5-1 at 4–5.
11 Specifically, Defendants argue that the claim is barred because it is "[a]n agreement that
12 by its terms is not to be performed within a year" and Plaintiff has not pleaded that it was
13 reduced to "writing and subscribed by the party to be charged or by the party's agent."
14 *Id.* at 4 (citing Cal. Civ. Code § 1624(a)).  Plaintiff disagrees, arguing that he sufficiently
15 pleads a contract's existence, and that the "agreement with Defendants was confirmed via
16 text messages and other electronic means, which satisfies the writing requirement" under
17 the Statute of Frauds.  Doc. No. 6-1 at 2, 4.  Plaintiff also argues that the parties' actions
18 establish the existence of a contract.  *Id.* at 3.

19        California's general Statute of Frauds provides that "[a]n agreement that by its
20 terms is not to be performed within a year from the making thereof" is invalid unless it,
21 "or some note or memorandum thereof, are in writing and subscribed by the party to be
22 charged or by the party's agent." Cal. Civ. Code § 1624(a)(1).  Relevant here, "only
23 those contracts which expressly preclude performance within one year are
24 unenforceable." *Multifamily Captive Grp., LLC v. Assurance Risk Managers, Inc.*, 578 F.
25 Supp. 2d 1242, 1248 (E.D. Cal. 2008); *Plumlee v. Poag*, 198 Cal. Rptr. 66, 71 (Cal. Ct.
26 App. 1984).  That requirement is construed "literally and narrowly." *Plumlee*, 198 Cal.
27 Rptr. at 71.  "Accordingly, if by its terms performance of a contract is possible within one
28

year, the contract does not fall within the statute even though it is probable that it will extend beyond one year." *Id.*

Reviewing the pleadings, nothing suggests that the agreement Plaintiff alleges could not, by its terms, be performed within one year. *See* Compl. ¶¶ 14, 16. Indeed, the agreement and subsequent modification set no mandatory timeframe at all, as far as alleged, and thus fall outside the Statute of Frauds. *See Foley v. Interactive Data Corp.*, 765 P.2d 373, 381–82 (Cal. 1988) ("[A]lthough the agreement contemplated employment on a 'permanent' basis, the [S]tatute does not apply to an employment contract of indefinite duration 'unless its terms foreclose the employee's completion of the performance of the contract within one year . . . .'") (quoting *White Lighting Co. v. Wolfson* 438 P.2d 345, 348–50 (Cal. 1968) (itself holding that "the inclusion of the provision for a bonus ascertainable only after one year does not invalidate the oral agreement under the [S]tatute of [F]rauds.")). Thus, taking the facts in the complaint as true, the Statute does not apply.

Moreover, the Statute of Frauds is traditionally an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1); *Crystal Springs Upland Sch. v. Fieldturf USA, Inc.*, 219 F. Supp. 3d 962, 966–67 (N.D. Cal. 2016). Where a Plaintiff pleads a contract that, on its face, is barred by the Statute of Frauds, courts may address it when raised in a Rule 12(b)(6) motion. *See Crystal Springs Upland Sch.*, 219 F. Supp. 3d at 967; *Elkay Int'l Ltd. v. Color Image Apparel, Inc.*, No. CV1408028MMMVBKX, 2015 WL 13917734 *6 (C.D. Cal. Feb. 4, 2015). However, if the complaint is silent as to whether the contract was oral or written, the Court will not imply that it is oral, as "a plaintiff need not allege the existence of a written instrument in its complaint in order to state a claim." *Crystal Springs Upland Sch.*, 219 F. Supp. 3d at 966 (discussing warranty claims). Even had the Statute of Frauds applied, Plaintiff does not plead a facially deficient contract. In addition to the discussion above, Plaintiff does not allege that the contract was oral and states that the parties confirmed the terms through text messages. Compl. ¶¶ 14, 16. In these circumstances, adequate evidence of a contract includes "evidence of an electronic

communication (including, without limitation . . . tangible written text produced by computer retrieval) . . . sufficient to indicate that in the communication a contract was made between the parties." Cal. Civ. Code § 1624(b)(3)(A); *cf.* Cal. Civ. Code § 1624(d) (excepting text messages from acceptable mediums for real property conveyances). Though Plaintiff's pleadings are imprecise, the facts therein do not obviously allege an invalid contract. Absent that, "a plaintiff is not required to plead that [their] claim is not barred by the statute of frauds." *Crystal Springs Upland Sch.*, 219 F. Supp. 3d at 967. For this reason as well, Defendants are not entitled to dismissal.

Accordingly, the Court determines that Plaintiff's Contract Claims are not subject to dismissal under the Statute of Frauds and **DENIES** Defendants' motion on this basis.

**C.   Declaratory Relief (Claim 4)**

Defendants move to dismiss Plaintiff's fourth cause of action on grounds that "declaratory relief is not an independent cause of action but a remedy." Doc. No. 5-1 at 5. Plaintiff does not directly address this concept, but argues that he is entitled to declaratory relief. Doc. No. 6-1 at 6.

Plaintiff states in his fourth cause of action that he "seeks a judicial declaration pursuant to 28 U.S.C. § 2201 and applicable California law . . . ." Compl. ¶ 56. The federal Declaratory Judgment Act ("DJA") "permits a federal court to 'declare the rights and other legal relations' of parties to 'a case of actual controversy.'" *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1981) (quoting 28 U.S.C. § 2201). Though it creates a remedy, it does not provide an independent cause of action. *See City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878–79 (9th Cir. 2022); *Leigh-Pink v. Rio Props., LLC*, 849 F. App'x 628, 630 (9th Cir. 2021). Thus, the Court **GRANTS IN PART** Defendants' motion to the extent Plaintiff pleads a cause of action, rather than prays for relief, under the DJA, and **DISMISSES WITH PREJUDICE** Plaintiff's claim for declaratory relief under it. However, this does not preclude Plaintiff's ability to seek declaratory judgment as a remedy under the DJA, rather than an independent claim, upon repleading.

As to the "applicable California law" Plaintiff references, the Court infers that he refers to declaratory judgment under California Code of Civil Procedure § 1060. Doc. No. 6-1 at 6 (citing *Meyer v. Sprint Spectrum L.P.*, which discusses that statute. 200 P.3d 295, 303 (Cal. 2009)). Unlike the DJA, California courts generally treat this provision as providing an independent right of action, though its scope and applicability as such are not fully resolved.[6] Cal. Code Civ. Proc. § 1060 ("Any person . . . under a contract . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint. . . ."); *see Columbia Pictures Corp. v. De Toth,* 161 P.2d 217, 220–21 (Cal. 1945); *Mycogen Corp. v. Monsanto Co.*, 51 P.3d 297, 302–03 (Cal. 2002); *See, e.g.*, *Country Side Villas Homeowners Assn. v. Ivie*, 123 Cal. Rptr. 3d 251, 258–59 (Cal. Ct. App. 2011); *Mkt. Lofts Cmty. Assn. v. 9th St. Mkt. Lofts, LLC*, 166 Cal. Rptr. 3d 469, 474–75 (Cal. Cr. App. 2014), *as modified on denial of reh'g* (Feb. 4, 2014); *cf. Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983); Cal. Code Civ. Proc. § 1062.3(a); *but see A.B. Concrete Coating Inc. v. Wells Fargo Bank, Nat'l Ass'n,* 491 F. Supp. 3d 727, 737 (E.D. Cal. 2020) ("[D]eclaratory relief is a remedy, not an independent cause of action"); *In re Adobe Sys., Inc. Priv. Litig.,* 66 F. Supp. 3d 1197, 1219–20 (N.D. Cal. 2014) (declining to apply the California law, and applying the DJA instead). Because California courts generally treat is as an independent claim, the Court will allow Plaintiff to proceed on it. The Court thus **DENIES** Defendants' motions insofar as Plaintiff brings a cause of action under California Code of Civil Procedure § 1060.[7]

---

[6] The law does still require "'actual controversy relating to the legal rights and duties of the respective parties[,]'" as required for Article III standing. *Mkt. Lofts Cmty. Assn.*, 166 Cal. Rptr. 3d 469 at 474–75.

[7] As a final point, the Court notes that in this case, where several non-declaratory causes of action remain, whether Plaintiff pleads his declaratory requests as relief or independent causes of action has little—if any—practical effect, and the difference is largely academic.

### D. Accounting and Constructive Trust (Claim 5)

Next, Defendant asks the Court to dismiss Plaintiff's fifth cause of action because a constructive trust is a remedy, and not a cause of action. Doc. No. 5-1 at 5–6. Plaintiff disagrees, arguing that he states a claim under California law. Doc. No. 6-1 at 6–7.

Though traditionally considered remedies, California courts generally allow for both state law accounting and constructive trust causes of action. *See Teselle v. McLoughlin*, 92 Cal. Rptr. 3d 696, 714–15 (Cal. Ct. App. 2009); *Higgins v. Higgins*, 217 Cal. Rptr. 3d 691, 699 (Cal. Ct. App. 2017) ("An action to impose a constructive trust is a suit in equity to compel a person holding property wrongfully to transfer the property interest to the person to whom it rightfully belongs."); *cf. In re Advent Mgmt. Corp.*, 104 F.3d 293, 295 (9th Cir. 1997) (discussing the plaintiff's "Constructive Trust *Claims*" (emphasis added)); *but see A.B. Concrete Coating Inc.*, 491 F. Supp. 3d at 736 (A "plaintiff may seek a constructive trust as a form of relief . . . but that remedy is not an independent cause of action."); *Yagman v. Galipo*, No. CV L2-7908-GW SHX, 2013 WL 1287409 *4 (C.D. Cal. Mar. 25, 2013); *but cf. Mattel, Inc. v. MGA Ent., Inc.*, 616 F.3d 904, 908–09 (9th Cir. 2010), *as amended on denial of reh'g* (Oct. 21, 2010) ("A constructive trust is an equitable remedy that compels the transfer of wrongfully held property to its rightful owner.") (citing *Communist Party v. 522 Valencia, Inc.*, 41 Cal. Rptr. 2d 618, 623 (Cal. Ct. App 1995)). This Court has found no state court decision explicitly holding that either is improper when pleaded as an independent action, though at least two federal district courts have. *A.B. Concrete Coating Inc.*, 491 F. Supp. 3d at 736; *Yagman*, 2013 WL 1287409 at *4. The issue, then, is somewhat unresolved. Regardless, as with Plaintiff's declaratory judgment claims, the difference between pleading it as a remedy or a cause of action here is largely academic, as other viable claims remain. Defendants are on notice of Plaintiff's claims and the relief he seeks. Therefore, the Court **DENIES** Defendant's motion on this basis.

E.  **Punitive Damages**

Defendants seek to dismiss Plaintiff's prayer for punitive damages on the grounds that he cannot recover punitive damages for the Contract Claims and because a plaintiff "is not eligible for punitive damages unless the underlying claims for fraud, oppression or malice are proven by clear and convincing evidence," which Defendants argue Plaintiff has not pleaded. Doc. No. 5-1 at 6. Plaintiff responds that punitive damages are available because he pleads that Defendants acted in fraudulent and malicious conduct by "knowingly misrepresenting his ownership rights, falsely denying his equity interest, and unjustly enriching themselves through his creative work . . ." and that California Civil Code § 3294(a) provides for punitive damages on those grounds. Doc. No. 6-1 at 8.

As to the Contract Claims (breach of contract and breach of the implied covenant of good faith and fair dealing), under California law, "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff . . . may recover damages . . . by way of punishing the defendant." Cal. Civ. Code § 3294(a). It is well established that under California law "[p]unitive damages are not available in an action based solely upon breach of a contractual obligation, even where the breach is intentional, wil[l]ful, or in bad faith." *Miller v. Nat'l Am. Life Ins. Co.*, 126 Cal. Rptr. 731, 733 (Cal. Ct. App. 1976); *see Consol. Data Terminals v. Applied Digital Data Sys., Inc.*, 708 F.2d 385, 399 (9th Cir. 1983) (same). "However, if the action is also in tort, 'exemplary damages may be recovered upon a proper showing of malice, fraud or oppression even though the tort incidentally involves a breach of contract.'" *Miller*, 126 Cal. Rptr. at 733 (quoting *Schroeder v. Auto Driveaway Co.*, 523 P.2d 662, 671 (Cal. 1974)). Except for insurance cases—which are treated separately under California law—punitive damages are not available for claims that a party breached the implied covenant of good faith and fair dealing. *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d 1113, 1149 (N.D. Cal. 2018); *Copesky v. Superior Ct.*, 280 Cal. Rptr. 338, 344–45 (Cal. Ct. App. 1991) ("[I]n the usual case only contract remedies are available for

breach of the contractual implied covenant." "The [California Supreme Court] . . . concluded that there was insufficient basis for extending the special tort relief available in insurance cases to the employment field . . . .") (citing *Foley*, 765 P.2d at 389–401). Thus, punitive damages are not available for Plaintiff's Contract Claims: breach of contract and breach of the implied covenant of good faith and fair dealing. Because Plaintiff cannot recover punitive damages for them, the Court **GRANTS IN PART** Defendants' motion and **DISMISSES WITH PREJUDICE** Plaintiff's prayer for punitive damages as to only those two claims.

As to Plaintiff's other claims, Defendant argues broadly that Plaintiff fails to plead actions amounting to "fraud, oppression or malice" by clear and convincing evidence. Doc. No. 5-1 at 6 (citing *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1308–10 (S.D. Cal. 2003) (discussing California law)). Plaintiff responds that he "sufficiently allege[s] that Defendants engaged in fraudulent and malicious conduct by knowingly misrepresenting his ownership rights, falsely denying his equity interest, and unjustly enriching themselves through his creative work . . ." among other reasons to sustain punitive damages. Doc. No. 6-1 at 8.

California law, to which the parties both apparently refer here, *see id.*; Doc. No. 5-1 at 6, provides that "malice," as used to assess punitive damages, is "conduct . . . intended . . . to cause injury to the plaintiff or despicable conduct . . . carried on . . . with a willful and conscious disregard of the rights . . . of others." Cal. Civ. Code § 3294(c)(1). "Fraud," meanwhile, is "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention . . . of thereby depriving a person of property or legal rights or otherwise causing injury." *Id.* at § 3294(c)(3)

Plaintiff pleads in multiple places that Defendants acted in bad faith when they terminated the relationship and took the adjacent actions for which he seeks redress. *See, e.g.*, Compl. ¶ 20 ("In a deliberate . . . conspiracy to exclude [Plaintiff] from the financial benefits of his work, [D]efendants . . . Evans and . . . Hindi unilaterally terminated their

relationship . . . falsely claiming that he had no ownership interest in the company. This . . . was carried out with the intent to deprive [Plaintiff] of his . . . equity share, compensation, and . . . proceeds . . . ."); Compl. ¶ 82 ("e. Terminating Plaintiff in bad faith to prevent him from receiving his agreed-upon share of profits."). These allegations and facts are not wholly restricted to events underpinning the Contract Claims. At this stage in proceedings and making all inferences in Plaintiff's favor as it must, the Court finds that Plaintiff sufficiently pleads facts that could support punitive damages, assuming they are otherwise available by law.

Plaintiff pleads claims under federal law, California law (ostensibly), and Arizona law. Compl. ¶¶ 26–83. These include intellectual property, tort, and wage and hour claims. *Id.* at ¶¶26–33, 69–78. Thus, Defendants' main rationale for seeking dismissal of Plaintiff's prayer for punitive damages—that "the gravamen of the Complaint arises from an alleged breach of contract[]"—is not entirely correct. Plaintiff's prayer for punitive damages does not specify for which claims he seeks them. *Id.* at 17–18. Further, the parties address only the California state law standard for punitive damages and provide no clear arguments as to any specific cause of action beyond the Contract Claims. Doc. No. 5-1 at 6–7; Doc. No. 6-1 at 8. As such, the Court declines to make individual findings as whether punitive damages may be ultimately recoverable as to the other claims. Accordingly, the Court **DENIES** Defendants' motion as to the non-contract claims.

F.  **Injunctive Relief**

Finally, Defendants peripherally ask the Court to dismiss Plaintiff's prayer for injunctive relief because he has not "made any allegations sufficient to establish irreparable harm and lack of an adequate remedy at law." Doc. No. 5-1 at 3. While Plaintiff, in listing reasons the motion should be denied, states that he "properly stated claims for . . . injunctive relief[,]" he does not respond to Defendants' arguments further. Doc. No. 6-1 at 1.

As Defendants correctly note, "the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). This principle applies even where a plaintiff could have brough claims for both legal and equitable remedies in state court, and where the relief sought is an injunction. *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1312–13 (9th Cir. 2022), *cert. denied sub nom. Polaris Indus. Inc. v. Albright*, 143 S. Ct. 2612 (2023). Thus, in federal court, a "plaintiff must, at a minimum, *plead* that [they] lack[] adequate remedies at law if [they] seek[] equitable relief." *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 875 (N.D. Cal. 2021) (emphasis in original); *see Guzman*, 49 F.4th at 1313–15.

Because Plaintiff offers no specific response to Defendants' arguments concerning injunctive relief, and seeing no obvious reason to the contrary, the Court agrees with Defendants that dismissal is proper. *See Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("A plaintiff who makes a claim for injunctive relief in his complaint[] but fails to raise the issue in response to a defendant's motion to dismiss . . . has effectively abandoned his claim.") (discussing appeals); *Toranto v. Jaffurs*, 297 F. Supp. 3d 1073, 1104 (S.D. Cal. 2018) ("Plaintiff fails to address [a claim] in his opposition. Accordingly, the court finds Plaintiff abandons [it]."). Thus, the Court **GRANTS** Defendants' motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's prayer for injunctive relief.[8]

### IV. Conclusion

For the reasons above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. Dismissal is **without prejudice and with leave to amend, except where otherwise stated**. Any new amended complaint will be the operative pleading and must be filed on or before **June 11, 2025**.

---

[8] Defendants do not move to dismiss Plaintiff's other equitable requests on this basis, and thus the Court will not analyze them here.

1 | Defendants must then respond within the time prescribed by Federal Rule of Civil
2 | Procedure 15.  Any claim not re-alleged and any defendant not named in the new
3 | amended complaint will be considered waived.  See CivLR 15.1; *Hal Roach Studios, Inc.*
4 | *v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989); *Lacey v. Maricopa*
5 | *Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that after dismissal with leave to amend,
6 | claims may be "considered waived if not repled").
7 | <u>The new amended complaint must be accompanied by a version of that pleading</u>
8 | <u>that shows—through redlining or similar method—how that pleading differs from the</u>
9 | <u>previously dismissed pleading</u>.  See CivLR 15.1.c.
10 | **IT IS SO ORDERED**.
11 | Dated:  May 21, 2025

HON. MICHAEL M. ANELLO
United States District Judge